[Civil No. 3502.  Filed April 8, 1935.]

[42 Pac. (2d) 1101.]

J. R. McFADDEN and UNITED STATES FIDELITY AND GUARANTY COMPANY OF THE STATE OF MARYLAND, a Corporation, Appellants, v. OPHA A. MILLER, Appellee.

Mr. John C. Lee, for Appellants.

Mr. V. L. Hash, for Appellee.

ROSS, J.—This is an action in conversion by Opha A. Miller against J. R. McFadden as sheriff of Maricopa county and the United States Fidelity and Guaranty Company as the surety on his official bond. It was tried before a jury and resulted in a verdict and judgment for plaintiff. The defendants have appealed from the judgment upon three grounds: (1) The failure to join plaintiff's husband as a party plaintiff with her, and a denial of defendants' motion to require such joinder; (2) the overruling of defendants' special demurrer to the complaint for the joining of an action against J. R. McFadden individually with an action against J. R. McFadden, as sheriff, and the United States Fidelity and Guaranty Company, surety on his official bond; and (3) because the judgment does not conform to the pleadings.

The complaint alleges that the property converted was plaintiff's sole and separate property. It was not necessary, therefore, to join her husband with her. She had a right to sue alone for the conversion of her separate property. Section 3729, Rev. Code 1928.

It is somewhat hypercritical to construe the complaint as stating a cause of action against McFadden individually and also a cause against him

officially and the surety on his bond. The averments of the complaint, when fairly construed, are that the sheriff, acting under an execution issued out of the justice court of East Phoenix precinct, in a cause entitled *Robert Kinney* v. *C. H. Miller,* seized and wrongfully converted plaintiff's Buick coupe automobile, of the reasonable value of $250. There are some expressions in the complaint which if considered alone might be construed as directed against the defendant McFadden in his individual or private capacity, but these rather loose and incidental allegations should not control the other allegations that clearly show the action to be against defendant in his official capacity and against the surety on his bond.

The special demurrer was properly overruled.

The prayer of the complaint is in the alternative, for the value of the automobile or its return to plaintiff. The judgment was entered for its value only. Defendant contends the judgment should have been in the alternative. The evidence is not before us. We cannot therefore know whether a judgment for the return of the property could have been enforced. It is said: "An absolute judgment for the money is equivalent to such finding," that is, to a special finding that a delivery of the automobile could not be had. 23 R. C. L. 939, § 111.

The judgment is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.